# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| YORK COUNTY, | ) | Civil Action No. 0:22-cv-02167-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPALOOSA MANAGEMENT L.P., | ) | |
| DT SPORTS HOLDING, LLC, TEPPER | ) | |
| SPORTS HOLDING, INC, AND THE | ) | |
| CITY OF ROCK HILL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

MOORE & VAN ALLEN, PLLC
78 Wentworth Street
Charleston, SC 29401
Telephone: 843-579-7000

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000

*Attorneys for Defendants Appaloosa
Management, L.P., DT Sports
Holding, LLC, and Tepper Sports
Holding, Inc.*

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 3

    A.    Parties ........................................................................................................ 3

    B.    Project Agreements ................................................................................... 4

    C.    Complaint .................................................................................................. 7

ARGUMENT ............................................................................................................ 8

I.     THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(7) FOR FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY 8

    A.    GTRE Is a Necessary Party to the Litigation ......................................... 8

    B.    GTRE Is also an Indispensable Party to the Litigation ......................... 10

II.    THE COURT SHOULD DISMISS THE CLAIMS AGAINST THE MOVING DEFENDANTS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) ...................................................................................................... 12

    A.    The Economic Loss Doctrine Bars Plaintiff's Claims Against the Moving Defendants ........................................................................................ 13

    B.    The Negligence Claims Should Also Be Dismissed for Failure to Plead a Duty of Care ........................................................................................... 15

    C.    Plaintiff Fails To State a Claim for Civil Conspiracy ........................... 18

    D.    Plaintiff Fails to State a Claim for Interference with Contractual Relations ........ 19

III.   PLAINTIFF PLEADS NO BASIS TO PIERCE GTRE'S CORPORATE VEIL ........... 20

IV.   THE COURT SHOULD DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2) ......................................... 22

    A.    The Court Lacks General Jurisdiction Over the Moving Defendants .................. 23

    B.    The Court Lacks Specific Jurisdiction Over the Moving Defendants ................. 24

V.    CONCLUSION ................................................................................................ 26

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alonso v. McAllister Towing of Charleston, Inc.*,
  595 F. Supp. 2d 645 (D.S.C. 2009)........................................................................18

*Am. Gen. Life & Accident Ins. Co. v. Wood*,
  429 F.3d 83 (4th Cir. 2005) ....................................................................................8

*Ashcroft v. Iqbal*,
  566 U.S. 662 (2009)................................................................................................13

*Becker v. Chandler Oaks*,
  No. 7:18-cv-670-TMC, 2019 U.S. Dist. LEXIS 226415 (D.S.C. June 11,
  2019) ................................................................................................................13, 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................13

*Berkeley Cty School Dist. v. HUB Int'l Ltd.*,
  Case No. 2:18-cv-00151-DCN, 2021 WL 2253265 (D.S.C. June 3, 2021) ............16

*Bishop Logging Co. v. John Deere Indus. Equip. Co.*,
  455 S.E.2d 183 (S.C. Ct. App. 1995)......................................................................14

*Black Magic, LLC v. Hartford Fin. Servs. Grp., Inc.*,
  Civil Action No. 2:20-cv-1743-BHH, 2021 U.S. Dist. LEXIS 48027 (D.S.C.
  Mar. 12, 2021)........................................................................................................25

*Brailsford v. Wateree Cmty. Action, Inc.*,
  135 F. Supp. 3d 433 (D.S.C. 2015)........................................................................18

*Byrd v. Irmo High Sch.*,
  468 S.E.2d 861 (S.C. 1996) ...................................................................................17

*United States ex rel. CBC of Charleston, Inc. v. RCS Corp*,
  366 F.Supp.2d 332 (D.S.C. 2005)..........................................................................10

*Champy v. Beazer Homes Corp.*,
  Civil Action No. 3:15-cv-04098-MBS, 2016 U.S. Dist. LEXIS 36579 (D.S.C.
  Mar. 18, 2016)........................................................................................................16

*Cockrell v. Hillerich & Bradsby Co.*,
  363 S.C. 485 (2005) ...............................................................................................23

*Colonial Penn. Ins. Co. v. Coil*,
  887 F.2d 1236 (4th Cir. 1989) ........................................................................4, 7

*Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*,
  973 F.3d 301 (4th Cir. 1992) ................................................................................11

*Doe v. Marion*,
  605 S.E.2d 556 (S.C. Ct. App. 2004), *aff'd*, 645 S.E.2d 245 (2007)................................15, 17

*Duong v. N. Am. Transp. Servs. LLC*,
  No. 2:19-cv-00029-DCN, 2019 U.S. Dist. LEXIS 241092 (D.S.C. Sept. 25, 2019) ........................................................................................................26

*Eaton Corp. v. Trane Carolina Plains*,
  350 F. Supp. 2d 699 (D.S.C. 2004)........................................................................14

*Eldeco, Inc. v. Charleston Cty. Sch. Dist.*,
  642 S.E.2d 726 (S.C. 2007) ................................................................................19

*Fitzhenry v. One on One Mktg. LLC*,
  No. 2:14-cv-4782-DCN, 2015 U.S. Dist. LEXIS 94393 ...........................................20, 23, 24

*Foxfire Village, Inc. v. Black & Veatch, Inc.*,
  404 S.E.2d 912 (S.C. Ct. App. 1991)........................................................................16

*Gecy v. S.C. Bank & Tr.*,
  812 S.E.2d 750 (S.C. Ct. App. 2018)........................................................................19

*GFF Corp. v. Associated Wholesale Grocers, Inc.*,
  130 F.3d 1381 (10th Cir. 1997) ..............................................................................6

*Givens v. Erie Ins. Co.*,
  Case No. 6:22-00842-HMH, 2022 WL 2759167 (D.S.C. Jul. 14, 2022) ................................23

*Goodyear Dunlop Tires Operations, SA. v. Brown*,
  564 U.S. 915 (2011)........................................................................................23, 24

*Gray v. Riso Kagaku Corp.*,
  No. 95-1741, 1996 U.S. App. LEXIS 8406 (4th Cir. 1996) ............................................26

*Grayson v. Anderson*,
  816 F.3d 262 (4th Cir. 2016) ................................................................................22

*Gunvor SA v. Kayablian*,
  948 F.3d 214 (4th Cir. 2020) ..............................................................................8, 10

*Helicopteros Nacionales de Colombia v. Hall*,
  466 U.S. 408 (1984)........................................................................................23

iii

*Hiscox Dedicated Corp. Member, Ltd. v. Feld Entertainment, Inc.*,
    Case No. 1:21-cv-1200, 2022 WL 160223 (E.D.Va. Jan. 18, 2022) ......................................11

*Hofferth v. Janssen Pharm., Inc.*,
    Civil Action No. 3:17-cv-01560-MGL, 2020 U.S. Dist. LEXIS 56126 (D.S.C.
    Mar. 31, 2020)....................................................................................................................................21

*Home Buyers Warranty Corp. v. Hanna*,
    750 F.3d 427 (4th Cir. 2014) ...............................................................................................8, 9

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)..................................................................................................................23

*Johnson & Johnson v. Coopervision, Inc.*,
    720 F. Supp. 1116 (D. Del. 1989)......................................................................................9

*Jones ex rel. Jones, v. Enter. Leasing Co.-Se.*,
    678 S.E.2d 819 (S.C. Ct. App. 2009)..........................................................................20, 25

*Kennedy v. Colombia Lumber & Mfg. Co.*,
    384 S.E.2d 730 (S.C. 1989) ...............................................................................................14

*Kerns v. Range Res. - Appalachia, LLC*,
    No. 1:10CV23, 2011 U.S. Dist. LEXIS 93920 (N.D.W. Va. Aug. 23, 2011) ........................18

*Kreisler v. Goldberg*,
    478 F.3d 209 (4th Cir. 2007) ...............................................................................................25

*Laidlaw Envt'l Servs. (TOC) v. Honeywell, Inc.*,
    966 F. Supp. 1401 (D.S.C. 1996)......................................................................................14, 15

*McClain v. Pactiv Corp.*,
    602 S.E.2d 87 (S.C. Ct. App. 2004)......................................................................................18

*McGee v. Thornton*,
    No. 2013-UP-156, 2013 WL 8507864 (S.C. Ct. App. Apr. 17, 2013) ....................................14

*Midland Mortg. Corp. v. Wells Fargo Bank, N.A.*,
    926 F. Supp. 2d 780 (D.S.C. 2013)......................................................................................13, 17

*Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc.*,
    210 F.3d 246 (4th Cir. 2000) ...............................................................................................9, 10, 11

*In re NC & VA Warranty Company, Inc.*,
    554 B.R. 110 (Bankr. Ct. M.D. N.C. 2016)......................................................................................6

*Ohio Valley Health Svcs. Educ. Corp. v. Riley*,
    149 F.Supp.3d 709 (N.D.W.Va. 2015) ...............................................................................17

*Old Dominion Elec. Coop. v. PJM Interconnection, LLC*,
    Case No. 3:19-cv-233, 2020 WL 1545882 (E.D.Va. Mar. 31, 2020) ........................................ 4

*Osborn v. Univ. Med. Assocs. of the Med. Univ. of S.C.*,
    278 F. Supp. 2d 720 (D.S.C. 2003) .................................................................. 20, 25

*Owens-Illinois, Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*),
    124 F.3d 619 (4th Cir. 1997) .......................................................................... 22

*Palmetto Linen Serv., Inc. v. U.N.X., Inc.*,
    205 F.3d 126 (4th Cir. 2000) .......................................................................... 15

*Paradis v. Charleston Cnty. Sch. Dist.*,
    861 S.E.2d 774 (S.C. 2021) ............................................................................ 18

*Parks v. Liberty Ins. Corp.*,
    No. CV 8:17-0503-HMH, 2017 WL 11457907 (D.S.C. May 18, 2017) ................................. 14

*Philips v. Pitt Cty. Mem. Hosp.*,
    572 F.3d 176 (4th Cir. 2009) ........................................................................... 7

*Pitten v. Jacobs*,
    903 F. Supp. 937 (D.S.C. 1995) .................................................................. 13, 16

*Rogers Int'l, Inc. v. Branch Banking & Tr. Co.*,
    No. 6:09-CV-01895-JMC, 2010 WL 11651904 (D.S.C. Dec. 23, 2010) ............................... 14

*Salley v. Heartland-Charleston of Hanahan, SC, LLC*,
    No. 2:10-cv-00791, 2010 U.S. Dist. LEXIS 131102 (D.S.C. Dec. 10, 2010) ........................ 20

*Sandviks v. PhD Fitness LLC. Co.*,
    Civil Action No. 1:17-cv-00744-JMC, 2018 U.S. Dist. LEXIS 45071 (D.S.C.
    Mar. 20, 2018) ......................................................................................... 15

*Saudi v. Northrop Grumman Corp.*,
    427 F.3d 271 (4th Cir. 2005) .......................................................................... 25

*Scansource v. Mitel Networks Corp.*,
    No. 6:11-cv-00382-GRA, 2011 U.S. Dist. LEXIS 68342 (D.S.C. June 24,
    2011) ......................................................................................... 21, 23, 24, 25

*Schnellmann v. Roettger*,
    627 S.E.2d 742 (S.C. Ct. App. 2006) .................................................................. 15

*Self v. Norfolk S. Corp.*,
    Nos. 1:06-1730-MBS, 1:06-2104-MBS, 2007 U.S. Dist. LEXIS 10857
    (D.S.C. Feb. 14, 2007) ................................................................................. 15

*Selman v. Am. Sports Underwriters, Inc.*,
  697 F. Supp. 225 (W.D. Va. 1988) ...................................................................19

*South Carolina Elec. & Gas Co. v. Westinghouse Elec. Corp.*,
  826 F. Supp. 1549 (D.S.C. 1993)................................................................13, 14

*Stegelin v. Pacific Life Ins. Co..*,
  Case No. 3:21-cv-01444, 2022 WL 827239 (D.S.C. Mar. 18, 2022) ...................18

*Tadlock Painting Co. v. Md. Cas. Co.*,
  473 S.E.2d 52 (S.C. 1996) .................................................................................16

*Teamsters Local Union No. 171 v. Keal Driveaway Co.*,
  173 F.3d 915 (4th Cir. 1999) .............................................................................12

*Trevillyan v. APX Alarm Sec. Sys.*,
  No. 2:10-1387-MBS, 2011 U.S. Dist. LEXIS 694 .......................................13, 14

*United States v. Bestfoods*,
  524 U.S. 51 (1998).............................................................................................21

*United States v. Savannah River Nuclear Sols., LLC*,
  Civil Action No. 1:16-cv-00825-JMC, 2016 U.S. LEXIS 168067 (D.S.C. Dec.
  6, 2016) .............................................................................................................7

*Vitol, S.A. v. Primerose Shipping Co.*,
  708 F.3d 527 (4th Cir. 2013) .............................................................................20

*VonRosenberg v. Lawrence*,
  849 F.3d 163 (4th Cir. 2017) .............................................................................11

*Walden v. Fiore*,
  571 U.S. 277 (2014)...........................................................................................24

*Wildcat Retro Brands LLC v. Nwl Distrib. LLC*,
  No. 8:20-cv-04207-DCC, 2022 U.S. Dist. LEXIS 32508 (D.S.C. Feb. 24,
  2022) .................................................................................................................20

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)...........................................................................................23

*Wright v. Waste Pro USA Inc.*,
  No. 2:17-cv-02654, 2019 U.S. Dist. LEXIS 124175 (D.S.C. July 25, 2019) ..................22, 26

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
  780 F.3d 597 (4th Cir. 2015) ...............................................................................4

**Statutes**

S.C. Code Ann.

§ 4-10-360 ..................................................................................................17

§ 4-10-370 ..................................................................................................17

§ 15-38-40(B) .............................................................................................11

**Other Authorities**

Fed R. Civ. P. 8(a) .....................................................................................13

Fed. R. Civ. P. 19(a)(1) ...............................................................................8

Fed. R. Civ. P. 19(b) ....................................................................................8

Fed. R. Evid. 201(b)(2) ............................................................................4, 7

Defendants Appaloosa Management L.P., DT Sports Holding, LLC, and Tepper Sports Holding, Inc. ("Moving Defendants"), by their attorneys, respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint filed by York County ("Plaintiff" or the "County") pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6) and 12(b)(7).

## PRELIMINARY STATEMENT

Plaintiff brought this action against the Moving Defendants because the actual entity Plaintiff transacted with, GT Real Estate Holdings, LLC ("GTRE"), is a debtor-in-possession in a Chapter 11 bankruptcy case. This case arises from a $21 million contribution Plaintiff alleges it made to GTRE, and involves contracts exclusively with GTRE, not the Moving Defendants.

Plaintiff made this $21 million contribution in connection with GTRE's development of a planned indoor practice facility and headquarters for the Carolina Panthers and related retail and commercial facilities (the "Project"). Construction stalled due to the failure by another participant in the Project, the City of Rock Hill (the "City"), to issue bonds it promised would help finance the work. Compl. ¶¶ 57-58. The Moving Defendants received nothing from Plaintiff and have no contracts with Plaintiff or anyone else relating to the Project, and no one alleges otherwise. The Moving Defendants' sin, according to Plaintiff, is being affiliated with GTRE.

In fact, prior to commencing this action, Plaintiff made a demand on GTRE for the exact same $21 million it seeks here. Plaintiff simply repackaged that demand into a complaint against the Moving Defendants in order to evade the automatic stay that prohibits such a claim being brought directly against GTRE. All of the underlying issues in this case necessarily involve GTRE, its conduct, and adjudication of its rights and obligations.

The Complaint must be dismissed on multiple independent grounds. First, Plaintiff failed to join a necessary and indispensable party – GTRE – under Fed. R. Civ. P. 19. GTRE is a party

to or third-party beneficiary of all the relevant contracts.  The only connection to the Moving Defendants is Plaintiff's attempt to impute GTRE's actions to them.  As a result, any adjudication necessarily will require a determination of GTRE's rights, obligations and liabilities, subjecting GTRE to the risk of collateral estoppel, potential contribution or indemnification claims, and duplicative or inconsistent obligations.  GTRE cannot be joined to this lawsuit due to the automatic stay in place in its Chapter 11 proceeding.  Dismissal is therefore required under Fed R. Civ. P. 19 and 12(b)(7).

Second, the Complaint must be dismissed under the economic loss doctrine.  All of Plaintiff's claims against the Moving Defendants are tort claims alleging only economic loss.  But Plaintiff acknowledges, and purports to rely on, the multiple contracts governing the rights and obligations of the parties in this case (the "Project Agreements"), and the economic loss doctrine prohibits a plaintiff from converting a matter governed by contract into tort claims.  That basic legal principle bars all of Plaintiff's claims.

Third, Plaintiff's negligence, negligence per se and negligent misrepresentation claims (second and fourth causes of action) should be dismissed for the additional reason that Plaintiff does not allege any facts establishing a duty of care owed by the Moving Defendants to Plaintiff. Plaintiff attempts to create such a duty by referring to the Project Agreements, but this effort fails because a contractual relationship does not create a tort duty as a matter of law.  Plaintiff also cites a statute referred to as the "Penny Tax Statute," but that statute imposes duties only on Plaintiff itself, not third-parties like the Moving Defendants.   In addition, with respect to negligent representation, the Plaintiff does not allege any statements by any of the Moving Defendants upon which it could have reasonably relied (and any such allegation would be precluded by the FILOT's integration clause in any event).

2

Fourth, the "conspiracy" claim (first cause of action) also fails because Plaintiff alleges the Moving Defendants were all one and the same, *i.e.*, they were one economic unit acting as agents for one another and for GTRE. It is fundamental under South Carolina law, as elsewhere, that parent and subsidiary entities are incapable of conspiring with one another and that agents cannot conspire with their principals.

Fifth, the tortious interference with contract claim (third cause of action) fails to plead any underlying breach of contract by GTRE or any act by any of the Moving Defendants that caused an alleged breach by GTRE. And finally, Plaintiff fails to plead any facts establishing personal jurisdiction over any of the Moving Defendants.

For these reasons and as stated more fully below, the Complaint should be dismissed with prejudice.

## **STATEMENT OF FACTS**

### A.     **Parties**

GTRE is a Delaware limited liability company formed in 2019 for the purpose of building the Project. Compl. ¶¶ 15-16. On June 1, 2022, GTRE filed a voluntary petition under Chapter 11 of Title 11 of the U.S. Code in the Bankruptcy Court for the District of Delaware. Compl. ¶ 72. GTRE's Chapter 11 case is currently pending as Case Number 22-10505-KBO (the "Bankruptcy Case"). GTRE is not named as a party in this action.

Defendant Tepper Sports Holding, Inc. ("Tepper Sports") is a corporation incorporated under the laws of Delaware with its principal place of business in North Carolina. Compl. ¶ 3. Defendant DT Sports Holding, LLC ("DT Sports Holding") is a limited liability company organized under Delaware law with its principal place of business in North Carolina. Compl. ¶ 4. GTRE is wholly owned by DT Sports Holding, which in turn is wholly owned by Tepper Sports. Compl. ¶ 18. Appaloosa Management L.P. ("Appaloosa Management") is a limited partnership

3

that is organized under the laws of Delaware with its principal place of business in Florida. Compl. ℙℙ 2, 9.[1] Appaloosa Management is not alleged to be a parent or owner of GTRE, DT Sports Holding, or Tepper Sports.

Plaintiff alleges that Tepper Sports and DT Sports Holding are parent companies of GTRE, that Appaloosa Management is under common control with GTRE, and that Plaintiff dealt with various individuals who had roles with the Moving Defendants. *See* Compl. ℙℙ 18, 20, 74. However, Plaintiff acknowledges and GTRE's public filings make explicit that all the individuals Plaintiff claims to have dealt with were also employees or officers of GTRE (*see, e.g.,* Compl. ¶ 25 ("The FILOT Agreement was executed on behalf of GTRE by David Tepper as 'Chairman'"); *see also* Ex. A (Bankruptcy Case Dkt. 277, excerpt).[2]

B. **Project Agreements**

The Plaintiff alleges that it entered into a contract with GTRE called a Fee in Lieu of Tax and Incentive Agreement ("FILOT Agreement") in connection with the planned Project. Ex. B.[3]

---

[1] Plaintiff incorrectly identifies New Jersey rather than Florida as Appaloosa Management's principal place of business (Compl. ¶ 2), but all parties agree that Appaloosa Management's principal place of business is not in South Carolina.

[2] The Court can take judicial notice of filings in the Bankruptcy Case (where Plaintiff has appeared) because they are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice. . . is in noticing the content of court records.") (citation omitted); *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, Case No. 3:19-cv-233, 2020 WL 1545882, *2 n.4 (E.D.Va. Mar. 31, 2020) (taking judicial notice to the extent necessary of other court filings involving the same or related parties and the same events in other decision-making bodies where both parties had notice of the contents of the filings) (internal citations omitted).

[3] The Court can take judicial notice of the Project Agreements that are integral to the Complaint, as alleged by Plaintiff. *See* Compl. ¶¶ 8, 23-33, 52, 89, 99, 101; *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("Consideration of a document attached to a motion to dismiss ordinarily is permitted only where the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity.").

The FILOT Agreement is the only contract between GTRE and Plaintiff and Plaintiff does not allege otherwise.

There are several other contracts that Plaintiff alleges relate to the Project:  the Interlocal Agreement between the Plaintiff and the City (to which GTRE is a third-party beneficiary) (Ex. C) (Compl. ¶ 27), the Land Development Agreement ("LDA") (Ex. D) between the City and GTRE (*Id.* at ¶ 31), and the Finance and Construction Administration Agreement ("FCAA") between the City and GTRE (*Id.* at ¶ 32) (Ex. E).  There are no contracts between Plaintiff and any of the Moving Defendants, and Plaintiff does not allege that there are.

The entire Project and all of GTRE's obligations with respect to it were contingent on the City's issuance of bonds by October 2020 (later extended by agreement to February 26, 2021) (Compl. ¶ 57) in an initial amount of $135 million and total amount of $225 million.  *See* Ex. D (LDA §1(a), p. 6) ("The Developer [i.e., GTRE] shall have no obligations to proceed under this Agreement, the Dedication Agreement, or the FCAA until an amount equal to $135,000,000 in Bond proceeds have been delivered to the Bond Trustee… for deposit in the Project Fund…."); Ex. E (FCAA § 1.1, p. 2) ("Notwithstanding any other terms or provisions in this Agreement, this Agreement. . . shall be of no force and effect until such time as all preconditions to the effectiveness of the Land Development Agreement have been satisfied and/or waived. . ."); Ex. B, (FILOT p. 3) (noting that the City intends to issue or facilitate the issuance of bonds totaling $225 million).

The problem is that the City never issued any bonds (Compl. ¶ 63) and, by failing to do so by the specified contractual deadlines, did not satisfy the central condition necessary for the Project to proceed or for GTRE (or anyone alleged to be acting on GTRE's behalf) to incur any obligations under the Project Agreements.

The Project Agreements contain no requirement that Plaintiff's $21 million contribution be segregated, spent specifically on the expansion of Mt. Gallant Road, or otherwise specially handled in any way. There is also no provision requiring the return of Plaintiff's payment if, as ultimately occurred, the City failed the issue bonds and the Project failed. Moreover, the FILOT Agreement contains an integration clause, which states that it "expresses the entire understanding and all agreements of the parties hereto with each other, and neither party hereto has made or shall be bound by any agreement or any representation to the other party which is not expressly set forth in this Agreement. . ." Ex. B (FILOT § 7.10) (emphasis added).

Plaintiff similarly has no rights against GTRE (or against the Moving Defendants through GTRE) under any of the other Project Agreements. The Interlocal Agreement is exclusively between Plaintiff and the City. *See* Ex. C. Plaintiff is not a party to any of the other referenced contracts—the LDA and FCAA. *See* Exs. D, E. While Plaintiff claims to be a third-party beneficiary of those two contracts, this is belied by their terms, which provide the exact opposite. *See* Ex. D (LDA § 26, p. 35) ("The provisions of this Agreement are for the sole benefit of the Parties [i.e., the City and GTRE] and their successors and permitted assigns, and they will not be construed as conferring any rights to any third party"); Ex. E (FCAA § 12.4, p. 27) (same). The Court need not accept allegations regarding contracts that are directly contradicted by the terms of those contracts themselves.[4]

---

[4] *See In re NC & VA Warranty Company, Inc.*, 554 B.R. 110, 120 (Bankr. Ct. M.D. N.C. 2016) ("[I]n the context of a motion to dismiss. . . the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("[F]actual allegations that contradict. . . a properly considered document are not well-pleaded facts that the court must accept as true."). The Project Agreements are integral to the Complaint and are properly considered by the Court on a motion to dismiss. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("[W]e may also consider documents. . . attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

C.    **Complaint**

On May 31, 2022, after the City failed to issue bonds by the requisite date and the Project stalled, Plaintiff sent GTRE a letter demanding return of the $21 million it had paid to GTRE and seeking additional damages.[5]  *See* Ex. F (York County Demand Letter).  Once GTRE filed for bankruptcy, Plaintiff recast its claims into the Complaint against the Moving Defendants.  The Complaint initially was filed in South Carolina state court against the Moving Defendants, and subsequently was removed to this Court.  Dkt. 1.

The Complaint asserts four causes of action against the Moving Defendants: (i) civil conspiracy; (ii) negligence and negligence per se; (iii) interference with contractual relations; and (iv) negligent misrepresentation—demanding return of the $21 million contribution Plaintiff made to GTRE as well as a host of other contractual remedies under the GTRE contracts, including specific performance and consequential damages for increased construction costs.  Compl. ¶¶ 73-108.

The Complaint contains only one conclusory allegation relating to personal jurisdiction, asserting that the Court has "personal jurisdiction over the defendants because they are located in York County or do (or control) business in York County, South Carolina."  *See* Compl. ¶ 6.

---

[5] The demand letter was filed in the Bankruptcy Case (Ex. F, *In re GT Real Estate Holdings, LLC*, Case Number 22-10505-KBO, Dkt. 205) and is a matter of public record subject to judicial notice. Fed. R. Evid. 201(b)(2).  The truth of the demand is not at issue, just the fact that it was made.  *See Colonial Penn Ins. Co.*, 887 F.2d at 1239 ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'") (internal citations omitted); *United States v. Savannah River Nuclear Sols., LLC*, Civil Action No. 1:16-cv-00825-JMC, 2016 U.S. LEXIS 168067, at *23 (D.S.C. Dec. 6, 2016) (taking judicial notice of filings made in another proceeding as a matter of public record, "although not the content therein").

## ARGUMENT

**I.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(7) FOR FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY**

When deciding a motion under Fed. R. Civ. P. 12(b)(7), the court must first ask (1) whether a non-joined party is necessary under Fed. R. Civ. P. 19(a) and (2) whether that party is indispensable under Fed. R. Civ. P. 19(b).  *See Gunvor SA v. Kayablian*, 948 F.3d 214, 218 (4th Cir. 2020) (citing *Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000)); *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).  If joinder of a necessary and indispensable party is not feasible, the action must be dismissed.  Fed. R. Civ. P. 19(b); *see Gunvor SA*, 948 F.3d at 218-19 (citing *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999)).

### A.    GTRE Is a Necessary Party to the Litigation

A party is necessary to the action if: (A) in that person's absence, the court cannot afford complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed. R. Civ. P. 19(a)(1).  A nonjoined party is necessary if it must be present as a party in order to fully resolve the dispute for the existing parties.  *See, e.g.*, *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 435 (4th Cir. 2014) (citing *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1287 (4th Cir. 1994) (holding that the non-joined builders of a home were necessary parties where, if the homeowner was entitled to full recovery on the defects in her house, then it was crucial that all of the defendants be bound to the burdens of a common judgment)).

8

GTRE's interest in this litigation is undeniable. This action is founded upon contracts to which GTRE is a party (FILOT Agreement, LDA, and FCAA) or third-party beneficiary (Interlocal Agreement). Compl. ¶ ¶ 23, 31, 32. The Project and Project site is owned by GTRE (*id.* at ¶¶ 17, 27), Plaintiff paid the $21 million in dispute to GTRE (*e.g.*, *id.* at ¶¶ 21, 48), and Plaintiff argues that GTRE's actions should be imputed to the Moving Defendants. A determination of the claims in this action inherently requires a determination of GTRE's rights, obligations, and liabilities. The question of whether GTRE is obligated to "pay back" the $21 million is antecedent to any liability of the Moving Defendants for that obligation, and is at the heart of this dispute. That question cannot be fully and fairly litigated without GTRE present to protect its interests.

The Moving Defendants cannot adequately protect GTRE's interest – GTRE has already filed an adversary proceeding against Plaintiff in the Bankruptcy Case making this exact point, that the Moving Defendants may have indemnification or contribution claims *against* GTRE. *See* Ex. G (Bankruptcy Case, Dkt. 205)*; see Nat'l Union*, 210 F.3d at 251 ("A court should hesitate to conclude, however, that a litigant can serve as a proxy for an absent party unless the interests of the two are identical."); *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1125 (D. Del. 1989) ("[T]he fact that [non-joined entity] is a wholly-owned subsidiary of a party does not necessarily mean that [non-joined entity]'s interests are adequately protected by its parent corporation to as to negate [its] indispensability."). As a result, GTRE faces a high likelihood of prejudice, and "the court cannot accord complete relief among existing parties." *See, e.g.*, *Home Buyers Warranty Corp.*, 750 F.3d at 435 (dismissing for nonjoinder of necessary party and considering, among other factors, courts must consider the prejudice to the non-joined party and

whether Plaintiff would have an adequate remedy if the action was dismissed for nonjoinder). GTRE thus is a necessary party to this action.

### B.    GTRE Is also an Indispensable Party to the Litigation

"[A] contracting party is the paradigm of an indispensable party." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA, Inc.*, 210 F.3d at 252 (internal quotation omitted); *Gunvor*, 948 F.3d at 221 (quoting *Nat'l Union*, 210 F.3d at 252 (internal quotation marks omitted)) (the "middleman" to a disputed fuel sale deal was an indispensable party and the district court did not err in dismissing the complaint); *United States ex rel. CBC of Charleston, Inc. v. RCS Corp*, 366 F.Supp.2d 332, 335 (D.S.C. 2005) (citing *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc.,* 456 F.Supp. 831, 836 n. 7 (D. Del. 1978) (noting that "if the rights sued upon arise from a contract, all parties to the contract must be joined")).  The following factors are considered in this determination: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  *Gunvor SA*, 948 F.3d at 218-19, citing *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) and Fed. R. Civ. P. 19(b).

All of the factors lead to the conclusion that GTRE is an indispensable party.  Resolution will require the Court to interpret GTRE's contracts and determine the rights and obligations (if any) arising from them.  Any finding of liability against the Moving Defendants will require the Court to first make a determination of GTRE's liability under the Project Agreements.  If the Moving Defendants are found liable, GTRE will likely face indemnification and contribution claims as discussed above, despite GTRE's inability to provide a defense of its own actions in this case.  *See, e.g.*, S.C. Code Ann. § 15-38-40(B) ("a defendant has the right to seek contribution

against any judgment defendant and other persons who were not made parties to the action."). GTRE also faces a significant risk that determinations in this case will collaterally estop GTRE from taking contrary positions in litigation already pending in the Bankruptcy Case. *VonRosenberg v. Lawrence*, 849 F.3d 163, 169 (4th Cir. 2017) (though state and federal cases involved different parties, "the district court correctly recognized, however, the state and federal proceedings do involve the resolution of the same underlying issue. . . [and] may well be correct that the resolution of the issues in the state court proceeding may have a collateral estoppel effect on claims asserted in this litigation.").

The substantial prejudice to GTRE cannot be avoided by protective provision in the judgment, by shaping or relief, or by any other measure – complete relief cannot be granted without the presence of all contracting parties in the action. *Hiscox Dedicated Corp. Member, Ltd. v. Feld Entertainment, Inc.*, Case No. 1:21-cv-1200, 2022 WL 160223, at *6 (E.D.Va. Jan. 18, 2022) (recognizing that under Rules 19(a) and 19(b), contracting parties are necessary parties in an adjudication that involves contract claims) (citing *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1287 (4th Cir. 1994) (finding that "complete relief cannot be adjudicated in the absence of some… insurers [who were contracting parties]"); *Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.3d 301, 305 (4th Cir. 1992) ("The cases are virtually unanimous in holding that in suits between parties to a contract seeking rescission of that contract, all parties to the contract. . . are necessary parties.").

Nor would a judgment rendered without GTRE be "adequate." "This factor implicates 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" *Nat'l Union*, 210 F.3d at 253 (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 at 111 (1986)). Here, adjudication of Plaintiff's claims would require

the Court to determine the liability of a missing party at the core of this dispute, meaning that any result would be incomplete, inefficient, and give rise to potentially inconsistent obligations. The Court cannot "in equity and good conscience" allow this action to proceed without granting GTRE an opportunity to be heard. *See Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999) (finding that the district court properly dismissed the action when it could not "in equity and good conscience" have proceeded in the indispensable party's absence) (quoting Fed. R. Civ. P. 19(b)).

Finally, Plaintiff can obtain adequate relief elsewhere. Plaintiff is a creditor in GTRE's pending Bankruptcy Case, where it has been actively involved. *See, e.g.*, Ex. H (Plaintiff's Entry of Appearance and Request for Notices) (Bankruptcy Case, Dkt. 71); Ex. I (Limited Objection of York County, South Carolina to Debtor's Motion for Entry of Interim and Final Orders) (Bankruptcy Case, Dkt. 98). An adversary proceeding between GTRE and Plaintiff is already pending in the Bankruptcy Case, in which the rights and obligations with respect to Plaintiff's $21 million contribution will be determined. *See* Ex. G (Bankruptcy Case, Dkt. 205). Plaintiff can pursue its claims through the proper bankruptcy procedures, just as other creditors are doing.

In sum, GTRE is a necessary and indispensable party to this litigation, and a complete, just, and efficient resolution requires its participation. Because GTRE cannot be joined as a result of the automatic stay imposed under federal bankruptcy law, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).

## II.     THE COURT SHOULD DISMISS THE CLAIMS AGAINST THE MOVING DEFENDANTS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

When ruling on a motion to dismiss for failure to state a claim, a court must consider only the factual allegations of the complaint – not legal conclusions or bare recitations of the elements of a claim – in determining whether the plaintiff adequately has pled a claim entitling it to relief.

Fed R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting Fed. R. Civ. P. 8(a)). The court then must also consider whether the adequately pleaded facts state a "plausible" rather than a merely "possible" claim that rises above the "speculative level." *Iqbal*, 566 U.S. at 678; *Twombly*, 550 U.S. at 555.

Negligent misrepresentation claims are subject to an even higher standard – a specificity requirement – under Fed. R. Civ. P. 9(b), which Plaintiff has not and cannot satisfy. *See Pitten v. Jacobs*, 903 F. Supp. 937, 951 (D.S.C. 1995) (recognizing Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims as well as fraud claims); *Becker v. Chandler Oaks*, No. 7:18-cv-670-TMC, 2019 U.S. Dist. LEXIS 226415, at *14 (D.S.C. June 11, 2019) (same).

As set forth below, all of Plaintiff's claims fail as a matter of law.

### A. The Economic Loss Doctrine Bars Plaintiff's Claims Against the Moving Defendants

Under the economic loss doctrine, "[a] breach of duty that arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie." *Trevillyan v. APX Alarm Sec. Sys.*, No. 2:10-1387-MBS, 2011 U.S. Dist. LEXIS 694, at *23. Tort claims are barred where "a commercial transaction governed by a contract where the loss alleged is purely economic and the cause of action is for mere negligent misrepresentation." *South Carolina Elec. & Gas Co. v. Westinghouse Elec. Corp.*, 826 F. Supp. 1549, 1577 (D.S.C. 1993); *see also Midland Mortg. Corp. v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 780, 788 (D.S.C. 2013) (quoting *Kennedy v. Colombia Lumber & Mfg. Co.*, 384 S.E.2d 730, 737 (S.C. 1989)) ("The

economic loss rule bars a negligence action 'where duties are created solely by contract.'"); *Parks v. Liberty Ins. Corp.*, No. CV 8:17-0503-HMH, 2017 WL 11457907, at *6 (D.S.C. May 18, 2017) (applying doctrine to tort claim by a borrower against a lender); *Rogers Int'l, Inc. v. Branch Banking & Tr. Co.*, No. 6:09-CV-01895-JMC, 2010 WL 11651904, at *3 (D.S.C. Dec. 23, 2010) (applying doctrine to claim of negligence in reviewing a letter of credit); *Laidlaw Envt'l Servs. (TOC) v. Honeywell, Inc.*, 966 F. Supp. 1401, 1414 (D.S.C. 1996) (applying doctrine to bar negligence claim "generally alleging that [defendant] failed to fulfill its obligations under the contract" and plaintiff did not show "that [defendant] owed it any duty other than that bargained for in the contract."); *McGee v. Thornton*, No. 2013-UP-156, 2013 WL 8507864, at *2 (S.C. Ct. App. Apr. 17, 2013) (applying doctrine to claims seeking compensation for cost of repairs to home and defendant's alleged double-billing).

The economic loss doctrine commonly is applied to negligence claims like those in this action, resulting in their dismissal. *See Kennedy*, 384 S.E.2d at 737 (1989) ("The 'economic loss' rule will still apply where duties are created solely by contract. In that situation, no cause of action in negligence will lie."); *Bishop Logging Co. v. John Deere Indus. Equip. Co.*, 455 S.E.2d 183, 189 (S.C. Ct. App. 1995) ("We conclude negligent misrepresentation is not applicable as a matter of law to this case under the economic loss rule."); *S.C. Elec. & Gas Co. v. Westinghouse Elec. Corp.*, 826 F. Supp. 1549, 1557 (D.S.C. 1993) (same); *Trevillyan v. APX Alarm Sec. Sys.*, 2011 U.S. Dist. LEXIS 694, at *23 (D.S.C. Jan. 3, 2011) (internal citations omitted) (granting the defendant's motion to dismiss the plaintiffs' negligence claim under the economic loss doctrine because "tort liability only lies where there is damage done to other property or personal injury"); *Eaton Corp. v. Trane Carolina Plains*, 350 F. Supp. 2d 699, 701 (D.S.C. 2004) (holding that where a parties' relationship is purely contractual in nature, any recovery based in tort is precluded under

14

the economic loss doctrine); *Palmetto Linen Serv., Inc. v. U.N.X., Inc.*, 205 F.3d 126, 129 (4th Cir. 2000) (upholding dismissal of tort claims involving contract for sale of goods and services under the economic loss doctrine because under South Carolina law, "in the context of a commercial transaction between sophisticated parties, injury to other property is not actionable in tort if the injury was or should have been reasonably contemplated by the. . . contract.").

The doctrine is broader, however, and provides a basis for dismissal of Plaintiff's other tort claims as well. *See, e.g., Laidlaw Env'l Servs., (TOC), Inc. v. Honeywell, Inc.*, 966 F. Supp. 1401, 1414 (D.S.C. 1996) (recognizing that "the economic loss rule applies to bar a tort claim if the parties' obligations are grounded exclusively in contract") (citing *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 463 S.E.2d 85, 88 (S.C. 1995) ("A breach of duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie.")); *see also Sandviks v. PhD Fitness LLC. Co*., Civil Action No. 1:17-cv-00744-JMC, 2018 U.S. Dist. LEXIS 45071, at *13 (D.S.C. Mar. 20, 2018) (dismissing plaintiff's claims for both negligent misrepresentation and intentional misrepresentation "pursuant to the economic loss doctrine").

    **B.**    <u>**The Negligence Claims Should Also Be Dismissed for Failure to Plead a Duty of Care**</u>

In order to assert claims for negligence, negligence per se and negligent misrepresentation (second and fourth causes of action), Plaintiff must plead facts demonstrating that the Moving Defendants owed a duty of care to Plaintiff and breached that duty. *Schnellmann v. Roettger*, 627 S.E.2d 742, 744 (S.C. Ct. App. 2006); *Self v. Norfolk S. Corp*., Nos. 1:06-1730-MBS, 1:06-2104-MBS, 2007 U.S. Dist. LEXIS 10857, at *8 (D.S.C. Feb. 14, 2007). "In a negligence action, if no duty exists, the defendant is entitled to judgment as a matter of law." *Doe v. Marion,* 605 S.E.2d 556, 560 (S.C. Ct. App. 2004), *aff'd*, 645 S.E.2d 245 (2007).

15

In order to protect against unfounded and conclusory negligent misrepresentation claims, the requirement to plead facts establishing a duty of care is, like all aspects of such claims, subject to a heightened pleading standard under Fed. R. Civ. P. 9(b). *See Pitten v. Jacobs*, 903 F. Supp. 937, 951 (D.S.C. 1995) (recognizing Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims as well as fraud claims); *Becker v. Chandler Oaks*, No. 7:18-cv-670-TMC, 2019 U.S. Dist. LEXIS 226415, at *14 (D.S.C. June 11, 2019) (same). Plaintiff has not and cannot allege any facts sufficient to establish that the Moving Defendants had a legal duty to Plaintiff under Fed. R. Civ. P.  8, let alone under Fed. R. Civ. P. 9(b).

Plaintiff cites the Project Agreements for this purpose. *See* Compl. ¶ 82. But as a matter of law, a contractual relationship cannot create a tort duty of care. *Champy v. Beazer Homes Corp.*, Civil Action No. 3:15-cv-04098-MBS, 2016 U.S. Dist. LEXIS 36579, at *5 (D.S.C. Mar. 18, 2016) ("If the alleged tort arises out of a contract, then an independent relationship must exist (outside of that contract) that would give rise to the duty alleged, in order for a negligence claim to be viable."). Thus, if an alleged duty arises from a contract, any alleged "breach of [that] duty does not create a cause of action for negligent conduct." *Foxfire Village, Inc. v. Black & Veatch, Inc.,* 404 S.E.2d 912, 917-18 (S.C. Ct. App. 1991)*; see also Tadlock Painting Co. v. Md. Cas. Co*., 473 S.E.2d 52, 55 n.5 (S.C. 1996) ("[T]he "the law is well-settled that breach of contractual duties does not give rise to an action in tort for negligence.").

Moreover, Plaintiff's attempt to create a duty from the contracts is nonsensical – none of the Moving Defendants is a party to any of them, which Plaintiff itself acknowledges, so they impose no obligations or duties on the Moving Defendants. *See* Compl. ¶¶ 23, 44, 51; *see Berkeley Cty School Dist. v. HUB Int'l Ltd.*, Case No. 2:18-cv-00151-DCN, 2021 WL 2253265, at *14 (D.S.C. June 3, 2021) ("[A] party cannot be bound by a contract absent a showing that it assented

'to all the terms of the contract.'") quoting *Edens v. Laurel Hill, Inc.*, 247 S.E.2d 434, 436 (S.C. 1978); *see also Ohio Valley Health Svcs. Educ. Corp. v. Riley*, 149 F.Supp.3d 709, 723 (N.D.W.Va. 2015) ("[A] non-party generally cannot be bound to an agreement.").

Nor can Plaintiff rely on the Penny Tax Statute to impose a duty on the Moving Defendants (or any third party for that matter). *See* Compl. ¶ 81. By its terms, this statute imposes obligations only on Plaintiff itself, not on third parties. *See* S.C. Code Ann. § 4-10-360. It requires the County's Treasurer to use the funds for the purpose stated in the applicable ordinance. *See id.*; *see also* Ex. J (Pennies for Progress Referendum 4 at § 4.1, 7) (tasking Plaintiff with all responsibilities related to Pennies for Progress, with reporting obligations to the Department of Revenue). The Pennies for Progress Statute further allows for enforcement only against government employees administering the program (S.C. Code Ann. § 4-10-370), not against private parties. Unless a statute expressly creates a cause of action for damages, no such action or liability exists. *See, e.g., Doe*, 645 S.E.2d at 248-49 (explaining that where the legislature was silent as to civil liability in one section of the statute at issue but imposed civil liability in other sections, the legislature did not intend to create civil liability in the section that was silent on the issue); *Byrd v. Irmo High Sch.*, 468 S.E.2d 861, 865 (S.C. 1996) (finding when one provision does not include a right that is included in a related provision, the legislative intent is that a right will not be implied where it does not exist).

Finally, with respect to the negligent misrepresentation claim, Plaintiff does not allege any representation of any kind by any of the Moving Defendants and therefore it could not have justifiably relied on any such representation, providing an additional basis for dismissal of this claim. *See Midland Mortg. Corp.*, 926 F.Supp.2d at 787 (to establish a claim for negligent misrepresentation, a plaintiff must show, among other elements, that it justifiably relied on a

representation by the defendant); *see also Stegelin v. Pacific Life Ins. Co.*, Case No. 3:21-cv-01444, 2022 WL 827239, at *11 (D.S.C. Mar. 18, 2022) ("Even assuming [the Plaintiff] *had* alleged an actionable misrepresentation or omission, his claim still fails because he does not sufficiently allege justifiable reliance) (emphasis in original) citing *Truauto MC, LLC v. Textron Specialized Vehicles, Inc.*, Case No. 2:19-cv-1381-RMG, 2020 WL 438310, at *6 (D.S.C. Jan. 28, 2020) (dismissing negligent misrepresentation claim because justifiable reliance requires particularized facts that the plaintiff actually relied on an alleged misstatement).

### C.    Plaintiff Fails To State a Claim for Civil Conspiracy

To establish a claim for civil conspiracy, a plaintiff must establish "(1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021).

A parent and subsidiary, or an agent and principal, are legally incapable of conspiring with one another. *See Alonso v. McAllister Towing of Charleston, Inc.*, 595 F. Supp. 2d 645, 652-53 (D.S.C. 2009) ("Defendant is a wholly-owned subsidiary of MTT, and, as explained above, South Carolina law is quite clear that a parent company and wholly-owned subsidiary cannot be in conspiracy with one another."); *Kerns v. Range Res. - Appalachia, LLC*, No. 1:10CV23, 2011 U.S. Dist. LEXIS 93920, at *19 (N.D.W. Va. Aug. 23, 2011) ("[A] corporation cannot conspire with itself, its agents, or its employees."). Under the "intercorporate conspiracy doctrine, an entity cannot conspire with itself." *Brailsford v. Wateree Cmty. Action, Inc.*, 135 F. Supp. 3d 433, 451 (D.S.C. 2015); *see also McClain v. Pactiv Corp.*, 602 S.E.2d 87, 90 (S.C. Ct. App. 2004) (holding "a corporation cannot conspire with itself" and the acts of agents of the corporation are the acts of the corporation); *Selman v. Am. Sports Underwriters, Inc.*, 697 F. Supp. 225, 238 (W.D. Va. 1988)

(noting the "curious inconsistency" where Plaintiff alleged entities were alter egos but also brought a conspiracy claim, recognizing that "in order to find the defendants were in fact legally capable of a conspiracy, [the court in effect must] reverse its prior holding, and find that the defendant corporations were actually discrete and wholly separate legal entities.").

Plaintiff's "conspiracy" claim should be dismissed for this reason as well.

### D.    Plaintiff Fails to State a Claim for Interference with Contractual Relations

In order to establish interference with contractual relations, Plaintiff must demonstrate "1) the existence of a contract; 2) knowledge of the contract; 3) intentional procurement of its breach; 4) the absence of justification; and 5) resulting damages." *Gecy v. S.C. Bank & Tr.*, 812 S.E.2d 750, 756 (S.C. Ct. App. 2018) (quoting *Eldeco, Inc. v. Charleston Cty. Sch. Dist.*, 642 S.E.2d 726, 731 (S.C. 2007)). Plaintiff alleges that GTRE breached its contracts (Compl. ¶ 92). But all of GTRE's obligations under the Project Agreements expressly were contingent on the City issuing bonds, and the City failed to do so. *See* Ex. D (LDA §1(a) at p. 6, § 16 at p. 31) ("[GTRE] shall have no obligations to proceed under this Agreement, the Dedication Agreement, or the FCAA until an amount equal to $135,000,000 in Bond proceeds have been delivered. . ."); Ex. E (FCAA § 1.1) ("[T]his Agreement. . . shall be of no force and effect until such time as all preconditions to the effectiveness of the Land Development Agreement have been satisfied and/or waived. . ."). Plaintiff makes this point in the Complaint. *See* Compl. ¶¶ 57-59 ("The City of Rock Hill was obligated to issue the bonds . . . [h]owever, the City did not issue the. . . required bonds[.]")

Without a breach of contract there is no claim for tortious interference with contractual relations. *Eldeco, Inc.*, 642 S.E.2d at 732 (holding that in a claim for tortious interference with contractual relations, where there is no breach of the contract, there can be no recovery.) This claim should be dismissed for this reason as well.

19

## III.    PLAINTIFF PLEADS NO BASIS TO PIERCE GTRE'S CORPORATE VEIL

Plaintiff does not satisfy the substantial burden it faces to disregard GTRE's corporate separateness and attribute the actions of GTRE to the Moving Defendants.  *See Osborn v. Univ. Med. Assocs. of the Med. Univ. of S.C.*, 278 F. Supp. 2d 720, 727 (D.S.C. 2003) ("[T]he burden of proof" for a court to "disregard the integrity of the corporate entity" is "substantial."); *see also Fitzhenry v. One on One Mktg. LLC*, No. 2:14-cv-4782-DCN, 2015 U.S. Dist. LEXIS 94393 at *11 (quoting *Salley v. Heartland-Charleston of Hanahan, SC, LLC,* No. 2:10-cv-00791, 2010 U.S. Dist. LEXIS 131102 at *4 (D.S.C. Dec. 10, 2010)) ("Piercing the corporate veil is only reluctantly allowed.").

A corporate entity is liable for the acts of a separate related entity only under extraordinary circumstances. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013).  A plaintiff must plead facts establishing both: (1) that the entities in question "failed to observe corporate formalities," and (2) that maintaining the corporate veil would create injustice or fundamental unfairness.  *See Salley*, 2010 U.S. Dist. LEXIS 131102 at *4; *Wildcat Retro Brands LLC v. Nwl Distrib. LLC*, No. 8:20-cv-04207-DCC, 2022 U.S. Dist. LEXIS 32508, at *9 (D.S.C. Feb. 24, 2022).  Sharing common officers and directors is not sufficient.  *See Jones ex rel. Jones, v. Enter. Leasing Co.-Se.*, 678 S.E.2d 819, 832 (S.C. Ct. App. 2009).

Plaintiff makes no serious attempt to meet this high standard.[6]  Most importantly, a plaintiff must allege facts demonstrating that maintaining the corporate form "would promote fraud, wrong, or injustice or contravene public policy."  *See Jones v. Enter. Leasing Co.-Southeast*, 678 S.E.2d 819, 824 (S.C. Ct. App. 2009) (quoting *Mid-South Mgmt. Co. v. Sherwood Dev. Corp.*, 649 S.E.2d

---

[6] In fact, in its most recent filing in this case, Plaintiff acknowledges that it "does not hereby allege any alter ego or abuse of corporate form actions by these entities."  Dkt. 16, n. 4.

20

135, 143 (S.C. Ct. App. 2007)*; see also Hofferth v. Janssen Pharm., Inc.*, Civil Action No. 3:17-cv-01560-MGL, 2020 U.S. Dist. LEXIS 56126, at *28 (D.S.C. Mar. 31, 2020) (finding "no legal grounds to pierce the corporate veil" where plaintiff "provided no evidence of any bad faith, abuse, fraud, wrongdoing, or injustice resulting from the blurring of the legal distinction between [corporate entities]").  No such allegations appear in the Complaint.

Furthermore, the Complaint contains no allegations of failure to observe corporate formalities, no allegations that GTRE was inadequately capitalized at the time of contracting, no allegations that that any entity dictated the hiring decisions of another, no allegations that corporate records were not maintained, and no allegations that one company influenced the other's marketing and operating policies, all of which would be considerations in evaluating this issue. *See, e.g., Scansource v. Mitel Networks Corp.*, No. 6:11-cv-00382-GRA, 2011 U.S. Dist. LEXIS 68342, *at 12 (D.S.C. June 24, 2011).

Plaintiff makes conclusory statements alluding to dealing with individuals alleged to have roles at one or more of the Moving Defendants.  *See, e.g.,* Compl. ¶¶ 19-20, 26, 40.[7]  But alleging that entities share personnel or administrative functions is not enough to demonstrate that one entity is the alter ego of another.   *See, e.g., United States v. Bestfoods*, 524 U.S. 51, 69 (1998) ("[I]t is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts.") (internal quotation omitted); *see also Scansource*, 2011 U.S. Dist. LEXIS

---

[7] For example, Plaintiff alleges it interacted with Mike Palmer of Appaloosa Management.  Compl. ¶¶ 20, 66.  Mike Palmer was GTRE's Vice President and Treasurer during all relevant times.  Ex. A (Bankruptcy Case, Dkt. 277, excerpt).  Plaintiff also alleges it interacted with Mark Hart and Kristi Coleman of DT Sports Holding and Tepper Sports.  Compl. ¶ 20 n.1.  Mark Hart was GTRE's Chief Operating Officer and Kristi Coleman was GTRE's Chief Financial Officer of GTRE during all relevant times.  Ex. A (Bankruptcy Case, Dkt. 277, excerpt).

68342, at *17 ("The fact that [a company and its subsidiaries], like many companies, share executives does not establish that [the parent company] controls the selection of the executives"); *Wright v. Waste Pro USA Inc.*, No. 2:17-cv-02654, 2019 U.S. Dist. LEXIS 124175, at *15 (D.S.C. July 25, 2019) (sharing a CEO and CFO "alone does not create personal jurisdiction via an alter ego theory."); *Grayson v. Anderson*, 816 F.3d 262, 270 (4th Cir. 2016) (declining to impute the actions of Defendant Corporation's employees to the corporation itself where the employees' actions did not fall within the scope of their employment by Defendant Corporation).

In short, Plaintiff has failed to allege facts sufficient to warrant piercing the corporate veil or otherwise imposing GTRE's purported liabilities on the Moving Defendants.

## IV.  THE COURT SHOULD DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2)

Pursuant to Federal Rule of Civil Procedure (12)(b)(2), Plaintiff has the burden of making a prima facie showing that personal jurisdiction over the Moving Defendants exists. *Owens-Illinois, Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124 F.3d 619, 628 (4th Cir. 1997) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) ("When, as here, a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), 'the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence.'").

To satisfy due process, the defendant must have minimum contacts with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The requisite minimum contacts have been met when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v.*

22

*Woodson*, 444 U.S. 286, 297 (1980).  Further, where a defendant is a non-resident of the forum state, as here, a court may exercise personal jurisdiction only where doing so would not violate a defendant's due process rights.  *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491 (2005) ("South Carolina's long-arm statute […] has been construed to extend to the outer limits of the due process clause."); *Fitzhenry*, 2015 U.S. Dist. LEXIS 94393 at *5 (D.S.C. July 21, 2015) ("Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process.").

Personal jurisdiction in South Carolina can be either general or specific.  *Scansource, Inc.*, 2011 U.S. Dist. LEXIS 68342 at *6.  General jurisdiction exists where a defendant is essentially at home in a forum state.  *Goodyear Dunlop Tires Operations, SA. v. Brown*, 564 U.S. 915, 919 (2011).  Specific jurisdiction exists when the claims arise from a defendant's in-state actions.  *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984); *see also Givens v. Erie Ins. Co.*, Case No. 6:22-00842-HMH, 2022 WL 2759167, *8 (D.S.C. Jul. 14, 2022) (finding the Complaint failed to show defendant 'purposefully availed itself' in South Carolina where, among other issues, defendant was alleged to be a wholly-owned subsidiary of a company authorized to transact business in South Carolina and issued bonds for work to be performed in the state).

Plaintiff's complaint contains only one conclusory allegation related to personal jurisdiction, an assertion that this Court has "personal jurisdiction over the defendants because they are located in York County or do (or control) business in York County, South Carolina." Compl. ⁋ 6.  This is insufficient.  The Court should dismiss the Complaint on this ground as well.

### A.    <u>The Court Lacks General Jurisdiction Over the Moving Defendants</u>

Plaintiff concedes that Appaloosa Management is organized under the laws of Delaware and does not have a principal place of business in South Carolina.  Compl. ¶ 2.  Plaintiff further concedes that Tepper Sports is incorporated under the laws of Delaware with its principal place of

business in North Carolina and DT Sports Holding is a limited liability company organized under Delaware law with its principal place of business in North Carolina. Compl. ¶¶ 3, 4.  Plaintiff has not pled, nor can it, that any Moving Defendant maintains "continuous corporate operations within [the forum] state [that] are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Goodyear*, 564 U.S. at 916 (quoting *Int'l Shoe Co.*, 326 U.S. at 318).  Thus, none of the Moving Defendants is subject to general personal jurisdiction.

**B.      The Court Lacks Specific Jurisdiction Over the Moving Defendants**

Specific jurisdiction exists only if the specific claims at issue in the litigation "arise out of contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, (1985)).  The Fourth Circuit applies a three-part test for specific personal jurisdiction: "(1) whether and to what extent the defendant purposely availed itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally 'reasonable.'" *Fitzhenry*, 2015 U.S. Dist. LEXIS 94393 at *6-7.  Moreover, "[t]he contacts related to the cause of action must create a 'substantial connection' with the forum state, . . . [and] the defendant's actions must be directed at the forum state in more than a random, fortuitous, or attenuated way." *Scansource*, 2011 U.S. Dist. LEXIS 68342 at *6 (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir. 1997)).

Plaintiff's claims all arise from the actions and purported obligations of GTRE, not the Moving Defendants.  Plaintiff alleges that GTRE was its counterparty (Compl. ¶ 23) and that GTRE was responsible to manage construction of the Mt. Gallant Road Project (Compl. ¶ 43).

24

There are no allegations that any Moving Defendant was a party to the contracts relating to this dispute. Compl. ¶¶ 23, 27, 42, 43. Similarly, there are no factual allegations that any of the Moving Defendants "purposely" availed itself of the privilege of conducting business in South Carolina.

To the extent Plaintiff attempts to establish jurisdiction over the Moving Defendants upon an alter ego, agency, or piercing the corporate veil theory,[8] it does so in direct contravention of longstanding Fourth Circuit law that a corporate entity cannot be subjected to a court's jurisdiction based upon the conduct of a separate entity. *See Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) ("It is a fundamental precept of corporate law that each corporation is a separate legal entity with its own debts and assets, even when such corporation is wholly owned by another corporate entity."); *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005) ("[I]t is generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity.").

As set forth in Section III *supra,* Plaintiff has not satisfied the substantial burden it faces in order to justify disregarding an entity's separate corporate existence. *See Osborn*, 278 F. Supp. 2d at 727. *See also Black Magic, LLC v. Hartford Fin. Servs. Grp., Inc.*, Civil Action No. 2:20-cv-1743-BHH, 2021 U.S. Dist. LEXIS 48027, at *12 (D.S.C. Mar. 12, 2021) (noting that "a parent company is not subject to personal jurisdiction in a particular forum merely due to its relationship with a subsidiary," and declining to exercise personal jurisdiction over defendants because plaintiff's argument that an entity's "contacts with South Carolina can be imputed to [defendants] because they exercise 'complete control' over entity and its claims process" is "conclusory"); *Gray*

---

[8] South Carolina courts use the same four factors for alter-ego and agency theory and in some cases have used the terms interchangeably. *See, e.g.*, *Scansource*, 2011 U.S. Dist. LEXIS 68342 at *16 ("Alter Ego/Agency"); *Jones ex rel. Jones*, 678 S.E.2d at 823 ("alter ego or agent"). As noted above, in its most recent filing in this case, Plaintiff acknowledges that "the claims asserted in the State Court Complaint are not based on alleged alter ego actions or abuse of the corporate form." Dkt. 16, p. 9.

*v. Riso Kagaku Corp.*, No. 95-1741, 1996 U.S. App. LEXIS 8406, at *9-10 (4th Cir. 1996) (affirming dismissal for lack of personal jurisdiction even though the defendant parent company made its subsidiary terminate a contract in which the parent acted as guarantor, the majority of the subsidiary's board of directors were associated with the parent, the parent funded the subsidiary, and the subsidiary relied on directions from the parent to make hiring decisions).

Appaloosa Management could not be subjected to jurisdiction on this theory in any event because this court does not permit piercing the corporate veil for jurisdictional purposes outside of the parent-subsidiary relationship. *See Duong v. N. Am. Transp. Servs. LLC*, No. 2:19-cv-00029-DCN, 2019 U.S. Dist. LEXIS 241092, at *34 (D.S.C. Sept. 25, 2019) (finding that, among other things, "piercing the corporate veil . . . is not an available method of establishing jurisdiction over" an entity where the entity was not a "parent entity . . . but instead is more akin to a 'sister corporate entity" in sharing the same parent). Because Appaloosa Management is not alleged to be GTRE's parent (*see* Compl. ¶ 20(a)), Plaintiff could not establish personal jurisdiction over Appaloosa Management on this theory. *See, e.g., Wright*, 2019 U.S. Dist. LEXIS 124175, at *14-15 (sharing a CEO and CFO "alone does not create personal jurisdiction via an alter ego theory.").

Plaintiff has failed to meet its burden to demonstrate personal jurisdiction over the Moving Defendants. As a result, in addition to the other grounds discussed above, the Court must also dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2).

## V.    CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that this Court dismiss this action with prejudice.

This the 4th day of August, 2022.

*s/ Christopher A. Ogiba*
Christopher A. Ogiba (Fed. ID No. 9042)
Moore & Van Allen, PLLC
78 Wentworth Street
Charleston, SC 29401
Telephone: 843-579-7000
chrisogiba@mvalaw.com

Scott M. Tyler (Fed. ID No. 7245)
Moore & Van Allen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: 704-331-1000
scotttyler@mvalaw.com
jimmcloughlin@mvalaw.com

And

Barry Sher (admitted *pro hac vice*)
Phara A. Guberman (admitted *pro hac vice*)
Daniel Fliman (admitted *pro hac vice*)
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-318-6000
barrysher@paulhastings.com
pharaguberman@paulhastings.com
danfliman@paulhastings.com

*Attorneys for Defendants Appaloosa Management, L.P., DT Sports Holding, LLC, and Tepper Sports Holding, Inc.*

27

## CERTIFICATE OF SERVICE

I do hereby certify that, on this day, I filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system. I further certify that, on this day, the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was sent via U.S. mail, postage prepaid, and addressed as follows to the following counsel for Plaintiff:

John T. Lay, Esq.
Jordan M. Crapps, Esq.
Kate Mettler, Esq.
Gallivan, White & Boyd, P.A.
P.O. Box # 7368
Columbia, SC 29202

Respectfully submitted, this 4th day of August, 2022.


*s/Christopher A. Ogiba*
Christopher A. Ogiba

28